UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHALL JOHNSON, # 339410,

        Petitioner,                           Case Number: 10-CV-15055

v.                                                  Honorable Arthur J. Tarnow

GREG MCQUIGGIN,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT, THEREBY
DISMISSING HABEAS PETITION, DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY, AND DENYING AN APPLICATION FOR LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS***

## I. INTRODUCTION

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner Marshall Johnson ("Petitioner") was convicted of first-degree premeditated murder, felon in possession of a firearm, and felony firearm following a jury trial in the Wayne County Circuit Court in Detroit, Michigan. He was sentenced to concurrent terms of life in prison for the murder conviction, twenty-three months to five years in prison for the possession conviction, and a consecutive two-year prison term for the felony-firearm conviction. In his habeas petition, Petitioner raises claims involving the sufficiency of the evidence, jury instructions, double jeopardy, due process, and the effectiveness of trial counsel.

Pending before the Court is Respondent's motion for summary judgment, filed on the grounds the petition is untimely. Petitioner did not file a reply to the motion. For the reasons that follow, the motion will be granted. The Court also will decline to issue Petitioner a

certificate of appealability and will deny him an application for leave to proceed on appeal *in forma pauperis*.

## II. FACTS AND PROCEDURAL HISTORY

The Michigan Court of Appeals summarized the facts as follows:

> Defendant was convicted for his involvement in the shooting death of Richard Morris. The evidence at trial showed that defendant was driving a Jeep with three other passengers when he observed Morris on the street. Defendant asked the passengers in the Jeep if they wanted to "get" Morris, and then pulled the Jeep alongside Morris. According to the passengers in the Jeep, defendant produced a gun and attempted to fire shots at Morris, but the gun did not immediately fire. Defendant then tried firing again and was able to fire several shots. Another passenger in the Jeep also had a gun and fired shots at Morris. Although Morris was shot several times, only one bullet was recovered from Morris's body, from inside his chest. The police determined that the bullet was fired from the same gun that defendant had in his possession at the time of his arrest. After he was arrested, defendant gave a statement to the police in which he admitted that he shot Morris for revenge, intending to kill him.

*People v. Johnson*, No. 272750, 2008 WL 5046314, at *1 (Mich.Ct.App. Nov. 25, 2008) (unpublished).

On March 5, 2002, Petitioner was found guilty. He was sentenced on March 22, 2002. He subsequently filed a motion for a new trial, which was denied on July 21, 2006.

Petitioner filed a direct appeal with the Michigan Court of Appeals, which affirmed his convictions and sentences on November 25, 2008. *Johnson*, 2008 WL 5046314, at *1-5. His application for leave to appeal, filed with the Michigan Supreme Court, was denied on June 23, 2009. *People v. Johnson*, 483 Mich. 1111, 766 N.W.2d 825 (2009) (Table).

Petitioner's habeas petition was filed on December 21, 2010. It was signed and dated December 14, 2010.

## III.  DISCUSSION

### A.  Standard of Review

Respondent argues in his motion for summary judgment that the habeas petition should be barred from federal-habeas review by the one-year statute of limitations.

A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2).  The moving party has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the opposing party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted).  "The summary judgment rule applies to habeas proceedings." *See Redmond v. Jackson*, 295 F.Supp.2d 767, 770 (E.D. Mich. 2003) (quoting *Harris v. Stegall*, 157 F.Supp.2d 743, 746 (E.D. Mich. 2001) (citation omitted)).  In the statute of limitations context, "dismissal is appropriate only if a [moving party] clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir. 1999); *see also Cooey v. Strickland*, 479 F.3d 412, 415-16 (6th Cir. 2007) (same).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996.  The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state-court judgments.  The statute provides:

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Wilson v. Birkett*, 192 F.Supp.2d 763, 765 (E.D. Mich. 2002).

### B. Habeas Petition Filed Outside Limitations Period

In this case, Petitioner did not file his habeas petition within the limitations period. The Michigan Supreme Court denied his application for leave to appeal on June 23, 2009.[1] Petitioner then had ninety days from that order, or until September 21, 2009, in which to seek a writ of certiorari with the United States Supreme Court. SUP.CT.R. 13. For statute of limitations

---

[1] Petitioner incorrectly cites September 20, 2009, as the date when his application for leave to appeal was denied by the Michigan Supreme Court.

purposes, his convictions became final on or about September 21, 2009. The limitations period commenced the following day and continued to run uninterrupted until it expired on September 22, 2010. Petitioner was required to file his habeas petition on or before September 22, 2010, excluding any time during which a

properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244 (d)(2).

Petitioner did not file a post-conviction motion with the state trial court. His habeas petition was filed on December 14, 2010, almost three months after the limitations period expired. Petitioner did not file a reply to the Respondent's motion. Thus, his petition is barred from federal-habeas review.

### C.  No Equitable Tolling

The Supreme Court has recently confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2560 (2010). The Supreme Court further verified that a habeas petitioner is entitled to equitable tolling "only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit held that habeas petitions are subject to equitable tolling under the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), which provides: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent;

5

and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008; *see also Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not presented any arguments establishing that he is entitled to equitable tolling.

### D. No Claim of Actual-Innocence

The Sixth Circuit has held that a claim of actual innocence may equitably toll the one-year limitations period. *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical

evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.  Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner does not provide the Court with support for that conclusion.  He does not bring forth any new evidence so that no reasonable juror would find him guilty beyond a reasonable doubt.

Having failed to establish entitlement to either statutory or equitable tolling, Petitioner's habeas petition is dismissed as untimely.

## IV.  CONCLUSION

For the reasons stated above, Petitioner has failed to file his federal habeas action within the one-year limitations period established by 28 U.S.C. § 2244(d) and has not demonstrated entitlement to statutory or equitable tolling.

Accordingly, Respondent's motion for summary judgment is **GRANTED**.  The habeas petition is **DISMISSED WITH PREJUDICE**.

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, jurists of reason would not find the procedural ruling that the habeas petition is untimely and cannot be saved by statutory or equitable tolling debatable. Accordingly, the Court **DECLINES** to issue Petitioner a certificate of appealability and **DENIES** him an application for leave to proceed on appeal *in forma pauperis*.

    **SO ORDERED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: June 20, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 20, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary