UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHALL JOHNSON, # 339410,

        Petitioner,                              Case Number: 10-CV-15055

v.                                                  Honorable Arthur J. Tarnow

GREG MCQUIGGIN,

        Respondent.
_____/

### OPINION AND ORDER CONSTRUING PETITIONER'S MOTIONS FOR CERTIFICATE OF APPEALABILITY AND FOR WAIVER OF FEES AND COSTS AS MOTIONS FOR RECONSIDERATION AND DENYING THE MOTIONS

On December 21, 2010, Petitioner Marshall Johnson filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his convictions for first-degree premeditated murder, felon in possession of a firearm, and felony firearm, following a jury trial in the Wayne County Circuit Court in Detroit, Michigan. In lieu of filing an Answer to the Petition, Respondent filed a Motion for Summary Judgment on the grounds that the Petition was filed untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as set forth at 28 U.S.C. § 2244(d). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The Court agreed and granted Respondent's Motion, thereby denying the Petition. The Court also declined to issue Petitioner a Certificate of Appealability and denied him an Application for Leave to Proceed on Appeal *In Forma Pauperis*. *See Johnson v. McQuiggin*, No. 10-CV-15055, 2011 WL 2470476 (E.D. Mich. June 20, 2011) (Tarnow, J.).

Pending before the Court are Petitioner's Motions for Certificate of Appealability, filed July 13, 2011, and July 15, 2011, respectively. On July 13, 2011, Petitioner also filed a Motion

for Waiver of Fees and Costs. The Court construes the Motions as Motions for Reconsideration of its Memorandum Opinion and Order granting Respondent's Motion for Summary Judgment and, for the reasons stated below, the Court denies the Motions.

Eastern District of Michigan Local Rule 7.1(g)(3) governs motions for reconsideration and provides that "[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F.Supp. 262, 278 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3d ed. 1988)). Further, any "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3). Additionally, a motion for reconsideration must be filed within fourteen days after entry of the Court's judgment or order. See E.D.Mich. LR 7.1(g)(1). The Court's Memorandum Opinion and Order was entered on June 20, 2011. Under Local Rule 7.1(h)(1), Petitioner was required to submit his Motion on or before July 5, 2011.

Petitioner's Motions were not filed with the Court until July 13 and 15, 2011. In *Houston v. Lack*, 487 U.S. 266, 272 (1988), the Court established a mailbox rule, which states that a document submitted to prison officials for filing is considered filed with the Court. In the case at hand, if Petitioner had signed, dated, or given his Motion to prison authorities to mail on or before July 5, 2011, his Motion would be considered timely. *Id.*
Petitioner's Motions are signed, but undated. Therefore, Petitioner's Motions are considered

2

filed with the Court on the dates that they were docketed with the Court and are untimely.

Moreover, even if Petitioner's Motions were timely, the Court would find that he failed to establish all the requirements for reconsideration. First, Petitioner claims that he filed a Reply to Respondent's Motion. Petitioner is correct but his Reply was filed untimely; it was filed after the Court issued its decision in the case. Respondent's Motion for Summary Judgment was filed on April 11, 2011. Petitioner then had forty-five days in which to file his Reply, or until May 29, 2011. The Court granted Respondent's Motion on June 20, 2011. At that time, Petitioner's Reply had not been filed. The Reply was not docketed with the Court until June 20, 2011, almost one month after the forty-five-day period, and the same day the Court issued its Opinion. Thus, the Court was correct in concluding that Petitioner had not filed a Reply.

Second, Petitioner alleges that he is entitled to equitable tolling because he was diligent in pursuing his rights. He states that, after his retained attorney resigned from the case, his new attorney had health issues which prevented him from timely filing his Habeas Petition. It is well established that lack of awareness of the rules of law is not a reason for a habeas petitioner to receive an additional advantage in his litigation. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law is not sufficient to extend the statute of limitations or warrant equitable tolling).

Having reviewed the Motions, the Court finds that Petitioner has not demonstrated a palpable defect on its part. In its Order dismissing the Petition, the Court determined that the Petition was barred by the one-year statute of limitations applicable to habeas corpus actions. Petitioner's Motions for Reconsideration provide no new grounds for the Court's review.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motions for Certificate of Appealability" [Dkt. ## 14 & 19] and "Motion for Waiver of Fees and Costs" [Dkt. # 15], construed as Motions for Reconsideration are **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 1, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 1, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary